# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 4:18-CR-00085 |
| | § | |
| TYTON HESTER | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Count Three of the Indictment (Dkt. #384). Having considered the motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

On May 10, 2018, the United States of America filed an Indictment against Defendant Tyton Hester, among other Defendants, following the United States Grand Jury's return of a True Bill (Dkt. #1). Following the Courts entrance of a Scheduling Order, the Government filed the First Superseding Indictment (Dkt. #46) and the Second Superseding Indictment (Dkt. #165). Pursuant to the Second Superseding Indictment, Defendant has been charged with violating the following statutes: (1) 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Manufacture and Distribute Methamphetamine); (2) 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime); and (3) 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm). Defendant now takes issue with count three of the Second Superseding Indictment.

Count three charges Defendant with violating 18 U.S.C. § 922(g)(1). More specifically, count three states:

> On or about May 18, 2018, within the Eastern District of Texas, Tyton Hester, defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate or foreign commerce the following

firearms, a Raven MP-25, serial number 132-5116, a Smith & Wesson Model 40VE, serial number RBD637, and a Mossberg, 12 gauge shotgun, no serial number.

(Dkt. #165). In Defendant's Motion to Dismiss Count Three of the Indictment (Dkt. #384), Defendant avers that the Second Superseding Indictment fails to state the essential elements of 18 U.S.C. § 922(g)(1). Thus, Defendant argues that count three must be dismissed (Dkt. #384).

On February 4, 2020, the Government filed Government's Response to Defendant's Motion to Dismiss Count Three of the Second Superseding Indictment (Dkt. #387). The Government opposes dismissal and counters that Defendant's contention is hyper-technical, the Second Superseding Indictment is sufficient, and, even if there is some deficiency in the Second Superseding Indictment, a correct jury instruction can cure any deficiency (Dkt. #387).

## LEGAL STANDARD

An indictment is subject to dismissal for the Government's failure to state an offense. *See* FED. R. CRIM. P. 12(b)(3)(B). This means that, taking the Government's allegations as true, *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011), the indictment must state the elements of each offense and facts "sufficient to permit the defendant to plead former jeopardy in a subsequent prosecution." *United States v. Contris*, 592 F.2d 893, 896 (5th Cir. 1979). Indictments are read as a whole, and "[t]he sufficiency of an indictment is to be tested by practical rather than technical considerations." *Id.* "[T]he law does not compel a ritual of words." *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2007). As such, an indictment will not be dismissed based on minor deficiencies or because it "could have been more artfully or precisely drawn." *Contris*, 592 F.2d at 896.

Courts generally measure the sufficiency on an indictment "by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect

the defendant against a subsequent prosecution for the same offense." *United States v. Threadgill*, 172 F.3d 357, 366 (5th Cir. 1999) (citation omitted).

## ANALYSIS

The Court denies Defendant's Motion to Dismiss Count Three of the Indictment because: (1) count three is not deficient; and (2) even if it were deficient, a correct jury instruction can cure any prejudice.

### I. The Second Superseding Indictment is Not Deficient as to Count Three, Felon in Possession of a Firearm

Defendant contends that count three is deficient because element three of the substantive offence—felon in possession under 18 U.S.C. § 922(g)(1)—is deficient (Dkt. #384). Defendant's argument misses the mark.

Pursuant to 18 U.S.C. § 922(g)(1),

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

To prove a violation of Section 922(g)(1), the Government must prove four elements beyond a reasonable doubt. Namely, that: (1) Defendant knowingly possessed a firearm; (2) Defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year; (3) Defendant knew he had been convicted of such a crime; and (4) the firearm had been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(g)(1); *see also United States v. Daugherty*, 264 F.3d 513, 515 (5th Cir. 2001) (citations omitted) (discussing elements one, two, and four). The Government is required to prove the third element beyond a reasonable doubt following the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) ("We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government

must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").

The Second Superseding Indictment is not deficient as to count three. Count three alleges that Defendant, "having been convicted of a crime punishable by imprisonment for a term exceeding one year, did *knowingly* possess in and affecting interstate or foreign commerce the following firearms . . . ." (Dkt. #165) (emphasis added). As the Court has previously acknowledged, indictments should be read as a whole and assessed on practical, not technical, considerations. *Contris*, 592 F.2d at 896. Here, the Government alleges that Defendant "did *knowingly* possess" a firearm subsequent to the Government's allegation that Defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year. A natural reading of count three evinces a compliance with the new strictures of *Rehaif*. To be sure, the mens rea component of the Government's Second Superseding Indictment is easily attributable, if not naturally read into, the preceding accusation which places Defendant into the "relevant category of persons barred from possessing a firearm." *See Rehaif*, 139 S. Ct. at 2200. While the maxim of ordinary English grammar that a modifying phrase is normally read as applying to all subsequent elements may not apply in an instance where that modifier is both in an indictment, not a statute, and follows a preceding element, the basic parameters of "ordinary English grammar" are still instructive. *See id.* (citations omitted). Indeed, although a technical inquiry is not necessary to survive a motion to dismiss, the Court is of the opinion that count three is technically adequate. The initial categorization of Defendant as one who has been convicted of a crime punishable by imprisonment for a term exceeding one year serves as a qualifier to the subsequent statement that Defendant then knowingly possessed a firearm. It belies logic to read knowingly out of the qualifying statement and cabin the subject's knowledge to only the subsequent elemental act. A

natural reading of count three, on the whole, describes Defendant as a man who, having been convicted of a crime, then knowingly possessed a firearm. The Defendant, from this statement, surely knew of both his conviction and his possession. That is all that *Rehaif* requires. *See id.* Thus, the Court is satisfied, even from a technical review of count three, that count three is sufficient.

Nonetheless, a hyper-technical analysis, while demonstrating the Government's compliance with *Rehaif*, is not necessary. *See Contris*, 592 F.2d at 896. As such, even if Defendant disagrees with the preceding analysis, the Court finds that an argument about where the Government placed an adverb in an indictment—when the required adverb is present and could arguably be read to apply to the requisite elements—should not be grounds for dismissal. "[T]he law does not compel a ritual of words." *Ratcliff*, 488 F.3d at 643. Neither will the Court. Put simply, the Second Superseding Indictment "conforms to minimal constitutional standards," *United States v. Grant*, 850 F.3d 209, 214 (5th Cir. 2017), because it is "sufficient to permit [Defendant] to plead former jeopardy in a subsequent prosecution." *Contris*, 592 F.2d at 896. Accordingly, the Court finds that Count Three of the Second Superseding Indictment sufficiently addresses the essential elements as prescribed by 18 U.S.C. § 922(g)(1).

## II. Even if the Second Superseding Indictment was Deficient as to Count Three, a Correct Jury Instruction Can Cure Any Prejudice

As the Fifth Circuit has stated in *United States v. Grant*,

> Generally, correct jury instructions cure deficiencies in the indictment. *See, e.g.*, *United States v. Coppin*, 569 F. App'x. 326, 334–35 (5th Cir. 2014) (unpublished) ("The conviction under valid instructions creates a presumption that there was no harm arising from the failure of a grand jury to charge that missing element of the necessary intent." (citation omitted)); *United States v. Mauskar*, 557 F.3d 219, 227 (5th Cir. 2009) (unanimity instruction sufficient to cure alleged duplicity in indictment); *United States v. Dentler*, 492 F.3d 306, 311–312 (5th Cir. 2007) (no prejudice where indictment excluded an element of the crime because the instructions included the element).

850. F.3d 209.  Assuming arguendo that the Second Superseding Indictment is deficient as to count three, the Court finds no reason why a correct jury instruction could not cure such deficiency.  The Court accordingly finds Defendant's Motion to Dismiss should be denied for the foregoing reasons.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Count Three of the Indictment (Dkt. #384) is hereby **DENIED**.

**SIGNED this 5th day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE