# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 4:18-CR-00085 |
| | § | |
| TYTON HESTER | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Suppress Evidence and Brief in Support (Dkt. #385). Having considered the motion and the relevant pleadings, the Court finds that Defendant's Motion is **DENIED**.

### BACKGROUND

On May 10, 2018, the United States of America filed an Indictment against Defendant Tyton Hester, among other Defendants, following the United States Grand Jury's return of a True Bill (Dkt. #1). Following the Court's entrance of a Scheduling Order, the Government filed the First Superseding Indictment (Dkt. #46) and the Second Superseding Indictment (Dkt. #165). Pursuant to the Second Superseding Indictment, Defendant has been charged with violating the following statutes: (1) 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Manufacture and Distribute Methamphetamine); (2) 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime); and (3) 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm). On November 1, 2019, the Court entered its Pretrial Order (Dkt. #307). Pursuant to the Court's Pretrial Order, "[a]ny motion to suppress evidence shall be filed with the court" by January 6, 2020 (Dkt. #307). The Pretrial Order also set the case for trial on February 10, 2020. Defendant now takes issue with certain evidence the Government intends to introduce.

On February 3, 2020, Defendant filed his Motion to Suppress Evidence and Brief in Support (Dkt. #385). In his Motion, Defendant requests that the Court exclude all evidence located at 3013 Northridge Dr. apartment 1209, Sherman, Texas, because the search warrant lacked sufficient probable cause (Dkt. #385). The Government opposes the Motion and argues that the warrant is supported by probable cause and, even if it is not, the good faith exception applies (Dkt. #394). The facts that surround the present dispute are as follows.

On May 18, 2018, the Government sought a search warrant predicated upon an affidavit which claimed that "certain property and contraband exist[ed] at the location[s] *at that time*" (Dkt. #385) (emphasis in original). Those locations included Defendant's business and home (Dkt. #385). According to Defendant, the affidavit, as it related to Defendant's home, was premised upon, among other things, stale information from a confidential informant who informed law enforcement, one month prior, that drugs were located at Defendant's business and home (Dkt. #385). Over a month later, Defendant continues, the Government spoke with the confidential informant again—who purportedly had no new information—and confirmed that "he had observed drugs at the home *one month prior*" (Dkt. #385). The Government opposes Defendant's characterization of the affidavit and points to a variety of other information—including testimony from witnesses, defendants, and informants as well as an investigation—which it concludes provided the affidavit probable cause. The Government further maintains that its waiting one month to seek a warrant following the confidential informant's testimony does not render the information stale. Irrespective of the Government and Defendant's disagreement over whether there was probable cause, a search warrant was issued for Defendant's business and home on May 18, 2018 (Dkt. #385). Defendant's home was subsequently searched. Defendant now asks that the Court exclude all evidence taken from his home.

## LEGAL STANDARD

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. The Supreme Court has "long held that the 'touchstone of the Fourth Amendment is reasonableness.'" *United States v. Brown*, 567 F. App'x 272, 277 (5th Cir. 2014). For a search to be reasonable, the Supreme Court has held that there generally must be probable cause. *See Terry v. Ohio*, 392 U.S. 1, 16 n.12 (1968). "Probable cause exists when under the 'totality of the circumstances . . . there is a fair probability that contraband or evidence of a crime will be found *in a particular place.*" *United States v. Newman*, 472 F.3d 233, 237 (5th Cir. 2006) (alteration in original) (emphasis added) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Accordingly, probable cause "means something more than mere suspicion. Probable cause requires the existence of facts sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed and the person to be arrested (or searched) committed it." *United States v. Froman*, 355 F.3d 882, 889 (5th Cir. 2004) (quoting *United States v. Gordon*, 580 F.2d 827, 832–33 (5th Cir. 1978)). When reviewing whether a warrant was supported by probable cause, it is "the duty of a reviewing court [to simply] ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed. *Gates,* 462 U.S. at 238 (citing *Jones v. United States*, 362 U.S. 257, 271 (1960)).

## ANALYSIS

The Court denies Defendant's Motion to Suppress Evidence and Brief in Support because: (1) Defendant's Motion is untimely; and (2) even if Defendant's Motion was timely, the Court is of the opinion that the search warrant was supported by probable cause and would fall under the good faith exception if it was not.

I. Defendant's Motion is Untimely

On November 1, 2019, the Court entered its Pretrial Order (Dkt. #307). Pursuant to the Court's Pretrial Order, "[a]ny motion to suppress evidence shall be filed with the court" by January 6, 2020 (Dkt. #307). Defendant filed his Motion to Suppress Evidence and Brief in Support on February 3, 2020—nearly one month late. Because Defendant's Motion is untimely, it is denied. Even if it were timely, however, the Court would still find that the Motion should be denied.

II. The Government's Search Warrant was Supported by Probable Cause and Would Fall Under the Good Faith Exception if it Was Not

Stale information in an affidavit cannot support probable cause. *United States v. Gallegos,* 239 F. App'x 890, 896 (5th Cir. 2007). "The proof must be of facts closely related in time to the issuance of the warrant in order to justify a finding of probable cause at that time." *United States v. McKeever*, 5 F.3d 863, 866 (5th Cir. 1993). Staleness is to be determined on the facts of each case. *United States v. Webster*, 734 F.2d 1048, 1056 (5th Cir. 1984); *United States v. Freeman*, 685 F.2d 942 (5th Cir. 1982). A finding of staleness or timeliness of information can depend upon the nature of the unlawful activity, and when the information of the affidavit clearly shows a long-standing, ongoing pattern of criminal activity, even if fairly long periods of time have lapsed between the information and the issuance of the warrant. *Id.* The Fifth Circuit, in addressing staleness, has identified two issues: "(1) Information reaching back over long periods may be used to support an affidavit 'if the information of the affidavit clearly shows a long-standing, ongoing pattern of criminal activity;' and (2) where the type of evidence sought is 'the sort that can reasonably be expected to be kept for long periods of time in the place to be searched,' the court is 'more tolerant of dated allegations.'" *United States v. Rojas Alvarez*, 451 F.3d 320, 332 (5th Cir. 2006) (quoting *United States v. Pena –Rodriguez,* 110 F.3d 1120, 1130 (5th Cir. 1997)).

If stale information cannot support probable cause, officers may still be able to execute a warrant in good faith. "To prevail on his fourth amendment claim, [Defendant] must establish that the facts alleged in the affidavit were so dated that no reasonable officer could have believed that the affidavit established probable cause . . . ." *Pena–Rodriguez*, 110 F.3d at 1130. "If the facts alleged in an affidavit are so dated that no reasonable peace officer could believe that probable cause was established, a Fourth Amendment violation has occurred." *United States v. Kleinkauf*, 487 F. App'x 836, 838–39 (5th Cir. 2012) (citing *Pena–Rodriguez,* 110 F.3d at 1130); *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988).

Even if Defendant's Motion had been timely filed, it would still be denied because: (1) the good faith exception applies; and (2) even if the good faith exception did not apply, there was probable cause to support the warrant. First, it is readily apparent that an officer could have believed that the affidavit in this case established probable cause; thus, the good faith exception applies. *Pena–Rodriguez*, 110 F.3d at 1130. Here, Detective Aviles stated in the affidavit that she had information dating back to 2017 which proved that Defendant was selling drugs. First, a source told investigators that Defendant was supplying drugs for his business. Second, a driver who was subjected to a traffic stop after leaving Defendant's business alleged that Defendant had "large amounts of methamphetamine" in his home. Third, Co-Defendant Leeann Fields, alerted law enforcement, subsequent to her and Defendant's arrest in 2018, that Defendant was allegedly receiving "multiple ounces of methamphetamine every other day." Fourth, a confidential informant notified law enforcement that he "went to Hester's residence . . . on a daily basis" and that he allegedly "saw marijuana every time he went into the apartment and saw methamphetamine on many occasions along with other drugs as well that belonged to Hester." This information

shows a pattern of continuous and ongoing criminal activity which allegedly occurred at Defendant's business and home.

While the direct testimony relating to Defendant's home was approximately one month old, a reasonable officer could believe that the information was still relevant and would likely lead to the discovery of illicit material when viewed from the totality of the circumstances. Defendant's pattern of continuous and ongoing conduct—namely, his allegedly purchasing and distributing drugs—spanned from at least May of 2017 until the search warrant was issued. While many of the facts in the affidavit supported the allegation that there could be methamphetamine at Defendant's business, these facts support that drugs could be found in Defendant's home when coupled with allegations that: (1) methamphetamine was also being stored at Defendant's home; and (2) that Defendant was receiving multiple ounces of the drug every other day. Due to the ongoing nature of the suspected drug activity, the direct testimony from a witness who had consistently been inside Defendant's home, and the supporting investigation by law enforcement, the Court finds that a reasonable officer could have believed that there was probable cause to support the affidavit and subsequent warrant despite the passage of one months' time. *Craig*, 861 F.2d at 821. Accordingly, the Court finds that the officers here executed the search warrant in good faith.

Although the good faith exception to the exclusionary rule leads the Court to find that the evidence need not be suppressed, the Court also notes that the affidavit was not deficient due to stale information. The affidavit, as previously discussed, showed a long-standing, ongoing pattern of criminal activity. The affidavit alleged that Defendant was continually receiving and distributing methamphetamine and storing some of the drug at his home. Indeed, the receipt of said drugs allegedly occurred every other day. Drug activity, and the continued storage of drugs

at one's home supporting such activity, can be reasonably expected to continue over a months' time when it has already been potentially occurring for at least one year. *See Rojas Alvarez*, 451 F.3d at 332. Moreover, the Fifth Circuit has held that a court may tolerate dated allegations when the allegations surround evidence that is likely to be stored for long periods of time in a particular location. *See id.* While drugs are generally sold quickly and there is a constant turn-over in supplies, the affidavit illustrates that Defendant was purportedly receiving a constant influx of drugs at his home and business; thus, it is only reasonable that drug evidence would be stored at defendant's business, and home, for an extended period of time. *See id.* And, again, the affidavit's allegations paint the picture of an ongoing pattern of criminal activity. Defendant was suspected of engaging in criminal activity for over one year, investigations revealed that potential drug activity was occurring within Defendant's business, an informant alleged that methamphetamine was being stored in Defendant's home, and a witness notified law enforcement that Defendant was receiving multiple ounces of methamphetamine every other day. The Court finds it proper to be more tolerant of this "dated allegation" given the totality of the circumstances. *See id.* The Court accordingly finds that the affidavit is sufficiently comprised of "facts closely related in time to the issuance of the warrant in order to justify a finding of probable cause at that time." *McKeever,* 5 F.3d at 866.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Suppress Evidence and Brief in Support (Dkt. #385) is hereby **DENIED**.

**SIGNED this 10th day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE