# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| v. | § | CASE NO. 4:18-CR-085 |
| | § | Judge Mazzant |
| TYTON HESTER (1), | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Judgment of Acquittal or in the Alternative for a New Trial Under Federal Rules of Criminal Procedure, Rule 29 and Rule 33 (Dkt. #422). Having considered the motions, the Court is of the opinion that the Defendant's Motion is **DENIED**.

## BACKGROUND

On May 10, 2018, the United States of America filed an Indictment against Defendant Tyton Hester, among other Defendants, following the United States Grand Jury's return of a True Bill (Dkt. #1). Following the Court's entrance of a Scheduling Order, the Government filed the First Superseding Indictment (Dkt. #46) and the Second Superseding Indictment (Dkt. #165). Pursuant to the Second Superseding Indictment, Hester was charged with violating the following statutes: (1) 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Manufacture and Distribute Methamphetamine; (2) 18 U.S.C. § 924(c) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and (3) 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm.

On February 10, 2020, Hester proceeded to a jury trial. Following the Government's case-in-chief, Hester moved for Judgment of Acquittal under Federal Rule of Criminal Procedure 29. The Court denied Hester's Motion. After the defense rested, Hester renewed his Motion for Judgment of Acquittal. The Court denied Hester's Motion again. Following the Court's charge to the jury, the jury retired to deliberate.

On February 21, 2020, the jury convicted Hester of Count Three of the Indictment: 18 U.S.C. § 922(g) – Felon in Possession of a Firearm. The jury was unable, however, to reach a verdict on Counts One and Two: 21 U.S.C. § 846 – Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine; and 18 U.S.C. § 924(c) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime, respectively.

After the jury's verdict on Count Three, the Court declared a mistrial on Counts One and Two of the Indictment and dismissed the jury. On March 6, 2020, Hester renewed his Rule 29 Motion by filing Defendant's Motion for Judgment of Acquittal or in the Alternative for a New Trial Under Federal Rules of Criminal Procedure, Rule 29 and Rule 33 (Dkt. #422). The Government filed the Government's Opposition to Defendant's Rule 29 Motion for Judgment of Acquittal and/or Motion for New Trial on March 17, 2020 (Dkt. #425).

## LEGAL STANDARD

A Rule 29 motion for judgment of acquittal "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998). The issue is "whether, viewing the evidence in the light most favorable to the verdict, a rational [finder of fact] could have found the essential elements of the offense charged beyond a reasonable doubt." *United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009)). "The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). The factfinder is "free to choose among reasonable constructions of the evidence," and "it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *Id.* (quotations and citations omitted). A defendant bears a heavy burden in meeting this high standard. *United States v. Achobe*, 560 F.3d 259, 263 (5th Cir. 2008) ("The standard for

a sufficiency claim is high."). Consequently, reviewing courts are "highly deferential to jury verdicts." *United States v. McNealy*, 625 F.3d 858, 870 (5th Cir. 2010) ("We review a jury verdict under a 'highly deferential' standard.").

That deference is underscored by the Fifth Circuit's frequent refrain: "We stress that 'all reasonable inferences and credibility choices must be made in favor of the jury verdict.'" *United States v. Deville*, 278 F.3d 500, 505 (5th Cir. 2002) (internal citation omitted); *see also United States v. Carter*, 953 F.2d 1449, 1456 (5th Cir. 1992) (the court must give "the government the benefit of all reasonable inferences and credibility choices"). The Fifth Circuit reaffirmed the deferential Rule 29 standard in 2016:

> Our review is *de novo*, viewing the evidence in the light most favorable to the Government, asking whether any rational jury could have found all the essential elements of the offense beyond a reasonable doubt. *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013). In this review, we accept all credibility choices and reasonable inferences tending to support the verdict and resolve any evidentiary conflict in favor of the verdict. *See generally United States v. Vargas-Ocampo*, 747 F.3d 299 (5th Cir. 2014) (en banc) (abandoning use of the "equipoise rule" in evaluations of the sufficiency of the evidence).

*United States v. Hudspeth*, No. 14-10165, 2016 WL 563078, at *1 (5th Cir. Feb. 12, 2016) (emphasis added). Thus, a court cannot grant a judgment of acquittal unless it concludes, after viewing the evidence through the lens of this deferential standard, that a rational jury would necessarily have had to entertain a reasonable doubt as to the defendant's guilt. *See United States v. Burns*, 597 F.2d 939, 941 (5th Cir. 1979).

## ANALYSIS

Hester presents the Court with a Motion for Judgment of Acquittal or, in the alternative, a Motion for New Trial. The Court addresses each request independently and concludes that Hester is entitled to neither a judgment of acquittal nor a new trial.

I. Motion for Acquittal

Hester argues that he is entitled to acquittal of all charges because the testimony relating to each Count was unreliable, contradictory, and speculative. Moreover, Hester avers that the Government failed to: (1) carry its burden in producing sufficient or reliable evidence supporting the elements of conspiracy; and (2) produce any evidence, testimonial or otherwise, that he conspired with anyone to distribute drugs or possessed a firearm in furtherance of some conspiracy. At the outset, the Court notes that, in reviewing Hester's claims, the Court considers all relevant evidence, direct or circumstantial. *See United States v. Loe,* 262 F.3d 427, 432 (5th Cir. 2001). With that being said, the Court will now independently consider Hester's arguments for acquittal as to each Count.

    a. Count One: 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Manufacture and Distribute Methamphetamine

As to Count One, Hester argues that the Government provided no reliable evidence demonstrating that Hester entered into a conspiracy, let alone any evidence that Hester committed the acts he is alleged to have committed. Any evidence the Government did put on, Hester continues, was circumstantial. Further, Hester avers that all testimony was contradictory, misguided, and untruthful. Thus, Hester argues that he should be acquitted of the crime he has been charged with in Count One. The validity of these arguments, Hester maintains, are evidenced by the jury's inability to unanimously agree upon a guilty or not guilty verdict as to Count One. The Court disagrees.

Pursuant to 21 U.S.C. § 846, it is unlawful to engage in a conspiracy to possess, with intent to manufacture or distribute, methamphetamine. To establish that such a crime has occurred, the Government must prove each of the following elements beyond a reasonable doubt:

> i. That two or more persons, directly or indirectly, reached an agreement to distribute or possess with the intent to distribute methamphetamine as charged in the Second Superseding Indictment;
>
> ii. That the defendant knew of the unlawful purpose of the agreement; and
>
> iii. That the defendant joined in the agreement knowingly, that is, with the intent to further its unlawful purpose.

21 U.S.C. § 846. Notably, "[a]n express, explicit agreement is not required; a tacit agreement will suffice." *United States v. Greenwood*, 974 F.2d 1449, 1457 (5th Cir. 1992). Further, "[b]ecause secrecy is the norm in an illicit conspiracy, the elements of the offense may be established solely by circumstantial evidence." *Id.*; *see also United States v. Vergara*, 687 F.2d 57, 60–61 (5th Cir. 1982) ("An agreement between the coconspirators and the defendant need not be proved by direct evidence but may be inferred from concert of action."); *United States v. Landry*, 903 F.2d 334, 338 (5th Cir. 1990) (same). One may be guilty as a co-conspirator even if he or she plays only a minor role. *See id.* Additionally, "an individual need not know all the details of the unlawful enterprise or know the exact number or identity of all the co-conspirators, so long as he knowingly participates in some fashion in the larger objectives of the conspiracy." *Brown*, 553 F.3d at 781 (internal citations and quotations omitted).

The Court finds that the Government presented substantial physical, documentary, and testimonial evidence establishing Hester's involvement in the conspiracy. The Government's evidence included both direct and circumstantial evidence such as drug ledgers kept by Hester and other co-conspirators documenting the distribution of large quantities of methamphetamine, DEA records, photographs, lab reports, and seized methamphetamine and firearms from Hester's shop and apartment. Moreover, Hester's co-conspirators—including, among others, Ernest Greenwood ("Greenwood"), Leeann Fields ("Fields"), Amy Lashley ("Lashley"), Janna Linely ("Linely"), and Miranda Moore ("Moore")—were all consistent in explaining Hester's overarching role and

5

involvement. While it is true that there were some discrepancies and nuances between the co-conspirator's statements, such discrepancies do not convince the Court that Hester is entitled to acquittal. *See Hudspeth*, 2016 WL 563078, at *1; *Loe*, 262 F.3d at 432. The witnesses consistently characterized Hester as: (1) the boss; (2) the person in charge of the distribution of the methamphetamine; and (3) the person who had the contacts for the illegal drugs. The Government corroborated said testimony with physical and testimonial evidence from other witnesses including DEA, FBI, and HSI agents as well as local police officers. *See Deville*, 278 F.3d at 505 (stating that "all reasonable inferences and credibility choices must be made in favor of the jury verdict."). Moreover, Hester, himself, through a covertly captured video, made admissions, incriminating statements, and engaged in acts that enabled a rational finder of fact to find sufficient evidence supporting a conviction. *See Loe*, 262 F.3d at 432. All of the aforementioned evidence makes it readily apparent that there was sufficient evidence to support a finding that: (1) Hester, Greenwood, Fields, Lashley, Linely, Moore, and others reached an agreement to distribute, or possess with intent to distribute, methamphetamine; (2) Hester was well aware of the purpose of this agreement; and (3) Hester knowingly joined this unlawful agreement to further his distribution scheme not only as a member, but as the boss. *See* 21 U.S.C. § 846.

In sum, there is a panoply of evidence that a rational finder of fact could have found as supporting "the essential elements of the offense charged beyond a reasonable doubt." *See Boyd*, 773 F.3d at 644. Hester's attempts to argue that the witnesses who testified had an agenda or did not present the perfect picture of a conspiracy is not enough to convince the Court otherwise. *See Hudspeth*, 2016 WL 563078, at *1 (citing *Vargas-Ocampo*, 747 F.3d at 299). Hester's Motion is accordingly denied as to Count One.

b. Count Two: 18 U.S.C. § 924(c) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Hester next argues that no reliable evidence was presented at trial establishing his possession of a firearm in furtherance of a drug trafficking crime. Hester relies on the same arguments utilized against Count One to now attack Count Two. The Court, again, finds Hester's arguments wanting.

Pursuant to 18 U.S.C. § 924(c), it is unlawful to possess a firearm in furtherance of a drug trafficking crime. To establish that such a crime has occurred, the Government must prove each of the following elements beyond a reasonable doubt:

i. That the defendant committed a drug trafficking crime;[1] and

ii. That defendant knowingly possessed a firearm in furtherance of the defendant's commission of the drug trafficking crime.

18 U.S.C. § 924(c). To establish that a defendant possessed a firearm "in furtherance" of a crime, the government must demonstrate that a "particular defendant's possession furthers, advances, or helps forward a drug trafficking offense . . . ." *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000). The Fifth Circuit has instructed courts to consider a variety of factors when ascertaining whether a firearm was possessed in furtherance of a crime including:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* at 414–15. Possession includes actual possession and/or constructive possession. *See United States v. Whitley*, 459 F. App'x, 472, 474 (5th Cir. 2012); *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999).

---

[1] The jury was instructed that the crime charged in Count One is a drug trafficking crime.

As the Court found regarding Count One, the Court also finds that the Government presented substantial physical, documentary, and testimonial evidence establishing Hester's possession of a firearm in furtherance of a drug trafficking crime. Roel Astran ("Astran"), Greenwood, Fields, Lashley, Linley, and Moore each testified to Hester frequently carrying a firearm while distributing methamphetamine. Many of the same witnesses also testified to Hester's storage of a shotgun at his shop in Sherman, Texas—a shotgun used to protect the methamphetamine and drug transaction proceeds stored in said shop. Moreover, one witness, Lashley, testified that Hester brandished a firearm when meeting with Lashley in an attempt to intimidate her. This testimony was corroborated by the seizure of a Mossberg, 12-guage shotgun, no serial number, from Hester's shop as well as the seizure of a Raven MP-25, serial number 132-5516, and a Smith & Wesson Model 40VE, serial number RBD637, from Hester's home. It was further corroborated by Hester's self-incriminating statements that were captured by the covert video made by Lashley whereby Hester admitted to owning at least one firearm. Finally, the Government corroborated said testimony with physical evidence—seized firearms—and testimonial evidence from various agents. When the evidence discussed in Count One is considered in conjunction with the evidence addressed here, it is evident that a rational finder of fact could find this evidence as supporting "the essential elements of [Possession of a Firearm in Furtherance of a Drug Trafficking Crime] beyond a reasonable doubt." *See Boyd*, 773 F.3d at 644. As such, Hester's Motion as to Count Two is also denied.

iii. Count Three: 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm

Finally, Hester maintains that the Government failed to present sufficient evidence to support a conviction under Count Three. Specifically, Hester argues that he "clearly did not have possession of a firearm" because: (1) no gun was present at his meeting with Lashley; (2) he was

not in possession of a firearm when arrested; and (3) the testimony provided by the co-conspirators was contradictory and speculative. The Court is unpersuaded.

Pursuant to 18 U.S.C. § 922(g), it is unlawful to possess a firearm as a convicted felon. To establish that such a crime has occurred, the Government must prove each of the following elements beyond a reasonable doubt:

i. That the defendant knowingly possessed the firearm, as charged;

ii. That before the defendant possessed the firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term in exceeding one year, that is, a felony offense;

iii. That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

iv. That the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the firearm it had traveled at some time from one state to another, or between any part of the United States and any other country.

18 U.S.C. § 922(g). The Government and Hester stipulated that Hester had been previously convicted of a crime punishable by imprisonment for a term exceeding one year prior to the date alleged in Count Three of the Second Superseding Indictment. They also stipulated that Hester knew of such conviction prior to the date alleged in Count Three of the Second Superseding Indictment.

The Court again finds that the Government presented substantial physical, documentary, and testimonial evidence establishing Hester's possession of a firearm as a convicted felon. As stated, the Government and Hester stipulated to the second and third elements of 18 U.S.C. § 922(g); therefore, the Government only had to proffer evidence establishing that Hester knowingly possessed a firearm and that said firearm traveled in interstate commerce. The evidence supporting Count Two supports the former element that the Government had to establish: namely, the testimony of Hester's co-conspirators as to Hester's possession of multiple firearms, the seizure

9

of the Mossberg, 12-guage shotgun, Raven MP-25, and Smith & Wesson Model 40VE, and Hester's self-incriminating statements captured on the covert video. Further, Linley testified that she purchased one of the enumerated firearms for Hester because Hester was unable to purchase firearms for himself as a convicted felon. Thus, there was sufficient evidence to support the jury's finding that element one of § 922(g) was proven beyond a reasonable doubt. *See Loe*, 262 F.3d at 432.

As to element four of § 922(g), the testimony of Special Agent Joseph Patterson of the Bureau of Alcohol, Tobacco and Firearms sufficiently addressed the element of interstate commerce. Special Agent Patterson testified that each of the seized firearms were manufactured outside of the State of Texas. Therefore, it necessarily followed that the firearms traveled in interstate commerce prior to their seizure. The jury's verdict was surely supported based on these facts. *See Boyd*, 773 F.3d at 644. It is not the Court's role to disrupt such verdict. *See McNealy*, 625 F.3d at 870. Hester's Motion as to Count Three is accordingly denied.

II. Motion for New Trial

Hester states that, should the Court deny his request for a judgment of acquittal, the Court should grant him a new trial as relates to Count Three. Hester provides no argument for why a new trial is merited.

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). "In this Circuit, the generally accepted standard is that a new trial ordinarily should not be granted 'unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict.'" *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (quoting *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004)). "A new trial is granted only

upon demonstration of adverse effects on substantial rights of a defendant." *Id.* (quotation omitted). The power to grant a new trial "should be exercised infrequently by district courts, unless warranted by exceptional circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (internal quotation and citation omitted).

The Court finds that the jury was presented with ample evidence establishing that Hester, a convicted felon, possessed a firearm. *See* Part I, *supra*. Additionally, Hester failed to provide the Court with any newly discovered evidence and identified no other grounds which would merit the Court granting a new trial. Therefore, viewing the evidence in the light most favorable to the verdict, the Court finds that there was sufficient evidence to support a reasonable jury's conviction of Hester. *See Loe*, 262 F.3d at 432. Because there will be no miscarriage of justice and the evidence supports Hester's conviction, the Court denies Hester's Motion for New Trial. *See Wright*, 634 F.3d at 775.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Judgment of Acquittal or in the Alternative for a New Trial Under Federal Rules of Criminal Procedure, Rule 29 and Rule 33 (Dkt. #422) is hereby **DENIED**.

**SIGNED this 31st day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE